IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSMETIC WARRIORS LIMITED,<br><br>             Plaintiff,<br><br>v.<br><br>MICHAEL SYLVESTRE and SHANNON MARLIN, doing business as LUSH SALON & SPA, and DOES 1-20,<br><br>             Defendants. | 2:11-cv-02269-GEB-EFB<br><br>ORDER |

On April 25, 2012, the parties filed a "STIPULATION AND [PROPOSED] ORDER RE: CONSENT JUDGMENT" in which they request the Court "ORDER[] and ADJUDGE[] that Defendants, together with their officers, directors, principals, agents, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith having notice of this Order, are enjoined and restrained" from engaging in specified action, "except as expressly allowed pursuant to the terms of the Settlement Agreement and Release entered into between the parties on April 16, 2012[,] and incorporated fully herein." (Stipulation and Proposed Order ("Stip.") 4:25-5:13.) The Settlement Agreement that the parties request be incorporated into the Consent Judgment has not been shown to the Court.

1

The parties' characterization of their settlement agreement as a consent judgment does not govern how it is ultimately defined and does not obligate the court to retain jurisdiction over a settlement agreement the court has not seen:

> A consent decree has elements of both judgment and contract, a dual character that results in different treatment for different purposes. Thus, a consent decree embodies an agreement of the parties and thus in some respects is contractual in nature. But it is an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.
>
> The parties to a consent decree expect and achieve a continuing basis of jurisdiction to enforce the terms of the resolution of their case in the court entering the order.
>
> **Because it is entered as an order of the court, the terms of a consent decree must also be examined by the court. . . . Because the consent decree does not merely validate a compromise but, by virtue of its injunctive provisions, reaches into the future and has continuing effect, its terms require more careful scrutiny. Even when it affects only the parties, the court should, therefore, examine it carefully to ascertain not only that it is a fair settlement but also that it does not put the court's sanction on and power behind a decree that violates Constitution, statute, or jurisprudence.**
>
> . . .
>
> By contrast, a private settlement, although it may resolve a dispute before a court, ordinarily does not receive the approval of the court. Nor is a private settlement agreement enforceable by a district court as an order of the court unless the obligation to comply with its terms is made part of the order of dismissal-either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.

Smyth ex rel. Smyth v. Rivero, 282 F.3d 268, 280-81 (4th Cir. 2002) (internal citations and quotation marks omitted) (emphasis added). Although the parties characterize their stipulation and proposed order

as a consent judgment, it is functionally equivalent to a private settlement over which the parties have not shown that retention of jurisdiction is required. See Arata v. NuSkin Int'l, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996) (agreement by the parties that court should retain jurisdiction over a settlement agreement does not obligate the Court to retain jurisdiction).

Further, the parties have not shown that equitable principles favor granting the permanent injunction they seek. eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 393-94 (2006) (stating that the court applies equitable principles when deciding whether to issue a permanent injunction).

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

Id. at 391. The Stipulation and Proposed Order Re: Consent Judgment fails to provide facts evincing that court-ordered injunctive relief and retention of jurisdiction indefinitely would be appropriate in this case.

Since the parties have settled this action, and state "[t]he parties agree that the Court may enter judgment without a hearing and without further notice to the parties[,]" this action is dismissed without prejudice, and shall be closed. (Stip. 2:1-2; see also Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) (explaining even if a dismissal failed to satisfy Rule 41, a court could use its "inherent power to

1 | enforce a settlement agreement with respect to an action pending before
2 | it"); Garber v. Chicago Mercantile Exchange, 570 F.3d 1361, 1366 (Fed.
3 | Cir. 2009) (indicating that dismissal order could be entered under
4 | Federal Rule of Civil Procedure 41(a)(1) where "the parties' agreement
5 | meets the requirements of Rule 41(a)(1)"); Oswalt v. Scripto, Inc., 616
6 | F.2d 191, 195 (5th Cir. 1980) (stating "[n]or are we deterred from
7 | finding a stipulated dismissal by the fact that there is no formal
8 | stipulation of dismissal entered in the record by the [the parties]," in
9 | the situation where it is obvious that is what the parties intended).)

Dated:  April 26, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge